Charles R. WESLEY *v.* MONTEREY CONSTRUCTION COMPANY

CA 89-495                                                    801 S.W.2d 49

Court of Appeals of Arkansas
Division II
Opinion delivered November 7, 1990

*Mays and Crutcher, P.A.,* by: *David O. Bowden,* for appellant.

*Anderson & Kilpatrick,* by: *Randy P. Murphy,* for appellee.

GEORGE K. CRACRAFT, Judge. Charles R. Wesley appeals from an order of the Arkansas Workers' Compensation Commission dismissing his claim for benefits. He contends that the Commission erred in finding that, pursuant to Ark. Code Ann. § 11-9-805 (1987), it lacked jurisdiction to hear his claim. We find sufficient merit in appellant's argument to warrant reversal and remand.

It was stipulated that, on January 6, 1987, appellant sustained a compensable injury to his shoulder in the scope of his employment with appellee. Appellant's claim for benefits was settled on April 23, 1987, by joint petition, which provided for final settlement of all claims arising out of appellant's injury

occurring "on or about January 6, 1987." On December 14, 1987, appellant filed a claim for benefits for a work-related injury to his neck that allegedly occurred on January 5, 1987. There was no mention of this incident in the joint petition or by the administrative law judge when he approved the petition.

Appellee controverted this second claim, contending that, pursuant to the joint petition and Ark. Code Ann. § 11-9-805 (1987), the Commission lacked jurisdiction. Appellant contended that, at the time that he entered into the joint petition, he was unaware of the nature and extent of the injury to his neck, and that the settlement agreement pertained only to his shoulder injury of January 6. The Commission found that it was without jurisdiction to hear appellant's claim for benefits regarding an allegedly separate injury occurring on January 5. Adopting the opinion of the administrative law judge, the Commission made the following findings and conclusions:

> There were two claims filed in this series of events although the second one was not filed until after the first claim had been concluded by Joint Petition. The transcript of that hearing appears as Respondent's Exhibit 5 by reference and contains the original Joint Petition document. Paragraph number 4 of that Joint Petition is set forth as follows, to wit:

>> "It is expressly understood by the parties that the respondents make this offer of settlement solely as an offer of compromise of a disputed claim in order to avoid further controversy. It is further expressly understood and agreed by the parties hereto that if this Joint Petition be approved by the Commission, claimant will have no other claim against Monterey Construction Company, Inc. or Wausau Insurance Companies under the Arkansas Workers' Compensation Act of any nature including temporary and permanent disability benefits, medical expenses, nursing services, rehabilitation benefits, attorney's fees, penalties or otherwise. Claimant further understands if this Joint Petition is approved, the Arkansas Workers' Compensation Commission loses jurisdiction over this claim."

The claimant did testify that he thought the Joint Petition only concerned the injury that he sustained to his shoulder. However, the document itself and supporting material indicate settlement of *any and all* Workers' Compensation claims between the parties. That Joint Petition was approved April 23, 1987, and stands to control the liabilities and obligations between these parties. If the Joint Petition were intended to only cover one portion of a set of circumstances, then the Joint Petition must set forth so on its face in clear and unambiguous language. [Emphasis added.]

While the rule relied upon by the Commission may be a general principle in other areas of the law, it has no application to the settlement of a workers' compensation claim. Such compromise settlements are governed exclusively by Ark. Code Ann. § 11-9-805(a) and (b) (1987), which read as follows:

(a) Upon petition filed by the employer or carrier and the injured employee, requesting that a final settlement be had between the parties, the commission shall hear the petition and take such testimony and make such investigations as may be necessary to determine whether a final settlement should be had.

(b) If the commission decides it is for the best interest of the claimant that a final award be made, it may order an award that shall be final as to the rights of all parties to the petition. Thereafter the commission shall not have jurisdiction over any claim for the *same injury or any results arising from it.* [Emphasis added.]

This section does not authorize a general release discharging an employer from "any and all" liability. It provides only that, upon approval of a joint petition, the Commission loses jurisdiction "over any claim for the same injury or any results arising from it." We therefore conclude that, absent a finding that the two claims arose from a single injury, it was error for the Commission to decline jurisdiction pursuant to Ark. Code Ann. § 11-9-805.

Reversed and remanded.

COOPER and MAYFIELD, JJ., agree.